**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| PARUS HOLDINGS INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC.,<br><br>        Defendant. | Civil Action No. 6:19-cv-454-ADA |

**OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER
TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620 S, Suite 205
Austin, TX 78734
Tel:  (512) 263-2165
Fax:  (512) 263-2166

J. David Hadden, CSB No. 176148
(Admitted W.D. Tex.)
Email:  dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
(Admitted W.D. Tex.)
Email:  sshamilov@fenwick.com
Ravi R. Ranganath, CSB No. 272981
(Admitted W.D. Tex.)
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA  94041
 Telephone:     650.988.8500
 Facsimile:     650.938.5200

*Counsel for Defendant*
 AMAZON.COM, INC.

October 24, 2019

i

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

BACKGROUND ............................................................................................................................1

LEGAL STANDARD.....................................................................................................................2

ARGUMENT ..................................................................................................................................3

    I.    PARUS COULD AND SHOULD HAVE FILED THIS CASE IN THE AUSTIN DIVISION. ...................................................................................................................3

    II.    THE AUSTIN DIVISION IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION FOR ALL PARTIES AND NON-PARTIES. ..........................3

        A.    Factors Favoring Transfer............................................................................4

        B.    Neutral Factors .............................................................................................7

CONCLUSION ...............................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**                                                                                                                                 **PAGE(S)**

*Data Scape, Ltd. v. Dell Techs., Inc.*,
  Case No. 6:19-cv-00129-ADA, Dkt. 44 (W.D. Tex. June 7, 2019) ........................3, 4, 5, 6

*Freshub, Inc. v. Amazon.com Inc.*,
  Case No. 19-cv-00388-ADA, Dkt. 29 (W.D. Tex. Sept. 9, 2019)...........................3, 4, 5, 6

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009).......................................................................................4

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ....................................................................................3, 5, 7

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008).......................................................................................7

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) (en banc) .............................................................................2

*McCloud v. McClinton Energy Grp., L.L.C.*,
  No. 5:14-cv-620–XR, 2014 WL 6388417 (W.D. Tex. 2014).............................................5

*Mimedx Grp., Inc. v. Tex. Human Biologics, Ltd.*,
  Case No. 1:14-cv-464-LY, 2014 WL 12479284 (W.D. Tex. Aug. 12,
  2014) ..........................................................................................................................3, 5, 6

**STATUTES**

28 U.S.C. § 1404(a) .......................................................................................................1, 3, 7

## INTRODUCTION

Plaintiff Parus Holdings Inc. filed this patent infringement action in the wrong division. Neither Parus nor defendant Amazon.com, Inc. is present here. Parus is a Delaware corporation with a principal place of business in Bannockburn, Illinois. (Dkt. 1 ("Compl.") ¶ 1.) It has no operations or offices in this division. Amazon is a Delaware corporation based in Seattle, Washington (*id.* ¶ 3) and it also does not have any relevant operations or offices in this division. In its complaint, Parus does not allege otherwise. To the contrary, it points to Amazon's offices and employees in Austin as its sole support for filing this case in this division. (*Id.* ¶ 4.) But Austin has a courthouse of its own. And Austin is where Amazon's engineers with knowledge related to the allegations in this case work. Therefore, pursuant to 28 U.S.C. § 1404(a), Amazon respectfully requests that the Court transfer this action to Austin while retaining oversight.[1]

## BACKGROUND

In this case, Parus asserts two patents and alleges that Amazon infringes them by "making, using, selling, and/or offering for sale" Echo devices that include Alexa virtual assistant.[2] (Compl. ¶¶ 14, 53.) According to the complaint, Parus is a Delaware corporation with a principal place of business in Bannockburn, Illinois. (*Id.* ¶ 1.) It has no offices or employees in the Waco division. The inventors of the asserted patents are both from Illinois (*id.*, Exs. 1-2) and the attorneys who prosecuted the asserted patents are not in Texas (*See, e.g.*, Declaration of Saina Shamilov ("Shamilov Decl."), Exs. 4 and 5).

---

[1] Parus has also filed cases in this district against Apple Inc.; Google LLC; LG Electronics Inc.; LG Electronics USA, Inc.; Samsung Electronics America, Inc.; and Samsung Electronics Co., Ltd. *See* Case Nos. 6:19-cv-00432, 6:19-cv-00433, 6:19-cv-00437, and 6:19-cv-00438. To the extent that any of the defendants in these cases seek transfer to the Northern District of California, and the Court is inclined to grant the motions, Amazon does not oppose transfer of this case to the Northern District of California as well.

[2] The complaint refers to "other Amazon products that incorporate Alexa," but does not identify any. (*Id.* ¶ 17.)

1

Amazon is a Delaware corporation with a principal place of business in Seattle.  (Compl. ¶ 3.)  Amazon has no offices or employees in the Waco division.  (Declaration of Tim Thompson ("Thompson Decl.") ¶ 8.)  Parus does not plead otherwise in the complaint.  Instead, to support its choice of venue in this District, Parus alleges only that Amazon has "a fulfillment center … [in] Austin," "employs [] workers in the Austin area," "offers its products and services including those accused [] of infringement, to customers located in Austin," and "derives financial benefits through its business in Austin."  (Compl. ¶ 4.)

Amazon does have two offices in Austin and employs around 1200 employees there.  (Thompson Decl. ¶ 3.)  One of those employees is Tim Thompson, a Senior Manager of Software Development.  (*Id*. ¶ 2.)  Mr. Thompson and forty engineers on his team, all of whom also work in Austin, design and develop the operating system for Amazon Echo products that Parus accuses of infringement in its complaint.  (*Id*. ¶¶ 3-5; Compl. ¶¶ 14, 53.)  In addition to Mr. Thompson's team, members of the Echo Platform Software team lead by Bala Kumar also work in Amazon's offices in Austin.  (Thomson Decl. ¶ 5.)  Those engineers design, develop, and oversee the platform layer of the accused Echo devices.  (*Id*.)  This case belongs in Austin.

## LEGAL STANDARD

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any action to any other district where the case "might have been brought."  *See In re Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (quoting 28 U.S.C. § 1404(a)).  Once that threshold is met, courts then determine if the transferee venue is "clearly more convenient" by weighing the relative convenience of each venue, considering:  (1) access to sources of proof; (2) availability to secure the attendance of witnesses; (3) cost of attendance for witnesses; (4) other practical problems making trial easy, expeditious and inexpensive; (5) administrative difficulties from court congestion; (6) local interest to decide localized issues; (7) forum's

2

familiarity with the governing law; and (8) avoidance of conflict of laws or foreign law. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *Volkswagen*, 545 F.3d at 315).

Section 1404(a) "appl[ies] as much to transfers between divisions of the same district as to transfers from one district to another." *Radmax*, 720 F.3d at 288. Here, all "of the relevant connections in this case" are to Austin rather than to Waco, requiring transfer to Austin under Section 1404. *See Freshub, Inc. v. Amazon.com Inc.*, Case No. 19-cv-00388-ADA, Dkt. 29, at 2 (W.D. Tex. Sept. 9, 2019) (granting intra-district transfer from Waco to Austin); *Data Scape, Ltd. v. Dell Techs., Inc.*, Case No. 6:19-cv-00129-ADA, Dkt. 44, at 2 (W.D. Tex. June 7, 2019) (same); *see also Mimedx Grp., Inc. v. Tex. Human Biologics, Ltd.*, Case No. 1:14-cv-464-LY, 2014 WL 12479284, at *1 (W.D. Tex. Aug. 12, 2014) (granting intra-district transfer from Waco to San Antonio).

**ARGUMENT**

**I.     PARUS COULD AND SHOULD HAVE FILED THIS CASE IN THE AUSTIN DIVISION.**

Parus's complaint confirms that this case could have been filed in Austin. (Compl. ¶ 4.) Indeed, Amazon has offices in Austin and employees with knowledge relevant to this case are in Austin. (Thomson Decl. ¶¶ 3-5.) This threshold inquiry is thus met. *See Mimedx*, 2014 WL 12479284 at *1–2 (citing *In re Volkswagen*, 545 F.3d at 312).

**II.    THE AUSTIN DIVISION IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION FOR ALL PARTIES AND NON-PARTIES.**

In this case, four of the Section 1404(a) factors favor transfer to Austin, the remainder are neutral, and not a single relevant factor favors the Parus's chosen venue. Transfer to Austin is appropriate. *See Mimedx*, 2014 WL 12479284 at *2–3 (ordering transfer where four factors favored transfer, four were neutral, and none favored plaintiff's chosen venue); *Data Scape*, Dkt. 44 at 3–6 (three factors favored transfer, two were neutral, and none weighed against transfer);

*Freshub*, Dkt. 29, at 2–3 (three factors favored transfer, one was neutral, and none weighed against transfer).

Indeed, two recent decisions of this Court confirm that transfer is appropriate here. In *Freshub, Inc. v. Amazon.com Inc.*, the Court granted the defendants' motion to transfer to the Austin Division because while defendants had offices and employees with relevant knowledge in Austin (and elsewhere on the West Coast), neither party was based in the Waco Division or had offices or employees there. *See Freshub*, Dkt. 29, at 2. In *Data Scape v. Dell*, even though there were three other similar cases pending in Waco and a potential witness near Waco, the Court granted the defendants' motion to transfer to the Austin Division because neither party was based in Waco or had offices or employees in Waco. *See also Data Scape*, Dkt. 44 at 4-5. Similarly, in this case, neither party is present in the Waco Division and neither party has offices, documents, or employees there. And the case for transfer is even more compelling here, because Parus does not allege *any* connection between this case and the Waco Division. The Court should transfer this case to Austin.

### A.     Factors Favoring Transfer

No party to this action has any connection to the Waco Division. All relevant documents and witnesses in the Western District of Texas are in Austin. Accordingly, the relative ease of access to sources of proof, the cost of attendance for willing witnesses, other practical issues, and Austin's local interest in deciding this case all favor transfer.

Evidence in a patent infringement case typically comes from the accused infringer. *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (applying 5th Circuit law). Amazon has no relevant operations, personnel, or documents in the Waco Division. (Thompson Decl. ¶¶ 8-9.) Amazon's engineers and documents with information relating to the accused products are located either in Austin, California, or Seattle. (*Id.* ¶¶ 2-7.) Parus points to no sources of its own evidence

4

in the Waco Division.  (*See generally* Compl.)  Thus, the relative ease of access to the sources of proof factor heavily favors transfer to the Austin Division.  *McCloud v. McClinton Energy Grp., L.L.C.*, No. 5:14-cv-620–XR, 2014 WL 6388417, *3 (W.D. Tex. 2014) (granting intra-district transfer even though not "not 'all' the evidence" was in the transferee district, but "certainly the bulk of it is" was and plaintiff "point[ed] to no evidence in . . . or within the [transferor division]") (original emphasis omitted); *see also Radmax*, 720 F.3d at 288 (pertinent question is "*relative* ease of access" not "*absolute* ease of access" (emphasis in original)); *see also Freshub*, Dkt. 29, at 3; *Data Scape*, Dkt. 44 at 3 (same); *Mimedx*, 2014 WL 12479284 at *2 (same).

      The cost of attendance for the willing witnesses factor also weighs in favor of transfer.  This factor "appropriately considers the cost of attendance of *all* willing witnesses."  *Mimedx*, 2014 WL 12479284 at *2 (emphasis in original).  As an initial matter, no witness with relevant knowledge is in the Waco Division.  Amazon is not there.  Parus is not there.  None of the named inventors is based there.  The prosecuting attorneys are not there.  Amazon's key witnesses in this case—*i.e.*, those with knowledge of "key issues [Parus] cites in its complaint as a basis for infringement and damages"—reside in Austin, California, or Seattle.  (Thompson Decl. ¶¶ 2-7, 10); *Data Scape*, Dkt. 44 at 3–4.  For the witnesses located in Austin, travel to Waco—over 100 miles away—will be burdensome and inconvenient, as it will add travel time, force them to be away from work and families, and impose additional expense.  *Freshub*, Dkt. 29, at 3 (finding that there is "little reason to compel anyone to travel" to Waco from "Austin where all of the anticipated witnesses are located").  These burdens are unnecessary when this District has a courthouse in Austin.  Indeed, in *Mimedx*, the eighty-mile driving distance between Austin and San Antonio weighed in favor of transfer from one division to the other.  *Mimedx*, 2014 WL 12479284 at *2.  Here, the travel times are much greater and weigh more heavily toward the convenience of the Austin Division.

5

For those witnesses who are not based in Austin, traveling to Austin is significantly more convenient than traveling to Waco. Amazon witnesses based in California or Seattle can fly directly to Austin, but would have to connect to Waco or drive there from Dallas. (Shamilov Decl., Exs. 1–2.) Any Parus witnesses, including the named inventors, would come from the Chicago area. (Compl. ¶ 1 & Exs. 1–2.) There are no direct flights to Waco's regional airport from the Chicago area, and witnesses would need to either connect through Dallas or drive from Dallas to Waco, adding unnecessary travel time, inconvenience, and expense. (Shamilov Decl., Ex. 3.) Austin has an international airport with numerous non-stop flights from Chicago that those witnesses who are based in Illinois could take, making the Austin division more convenient for them.

This case is still in its earliest stages. Amazon has not yet answered the complaint, no parties have served or exchanged discovery, and the Court has not yet entered a scheduling order. Thus, transferring this case to the Austin Division does not pose a risk of any meaningful delay for a just resolution and the factor of all practical problems that make trial or a case easy, expeditious, and inexpensive also weighs heavily in favor of transfer to Austin, especially when the Court will continue to control this case once transferred. *See Mimedx*, 2014 WL 12479284 at *2 (finding transfer favorable because the court had not yet entered a scheduling order); *Freshub*, Dkt. 29, at 3 (granting intra-district transfer before the defendant filed an answer and counterclaims and before the court entered a scheduling order); *cf. Data Scape*, Dkt. 44, at 6 (granting intra-district transfer even *after* defendant filed an answer and counterclaims, and before the court entered a scheduling order). Indeed, transfer to the Austin Division increases convenience to the parties because it focuses the litigation where the relevant Texas witnesses reside. The added convenience of a trial in Austin instead of Waco would result in a more efficient, more cost-effective, and easier resolution of this dispute. *See, e.g.*, *Mimedx*, 2014 WL 12479284 at *2.

The factor of the local interest in having the case decided at home also weighs heavily in

favor of transfer. Austin has a significant local interest in Amazon. (Thompson Decl. ¶ 3.) Amazon has two offices in the Austin Division housing technical and other personnel, and an order fulfillment center employing more local Austinites. (*Id.* ¶¶ 3, 9-10.) Amazon has no offices or fulfillment centers in the Waco Division. (*Id.* ¶¶ 8-10.) Parus seemingly also admits that Austin has a local interest in Amazon. (*See* Compl. ¶ 4.) Thus, the local interest factor strongly favors transfer to Austin.

Parus's choice to file in this Division does not outweigh the factors that strongly support venue in Austin: "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citation omitted); *see also Radmax,* 720 F.3d at 289.

### B. Neutral Factors

The remaining factors are neutral. The compulsory subpoena power for unwilling third-party witnesses is the same for both the Austin and Waco Divisions. Both divisions are familiar with and equally capable of applying federal patent law. Regardless of the division, neither would present a conflict of law or require the application of foreign law. And finally, Amazon is not aware of any significant congestion in either division, such that efficiency would favor one over the other. Indeed, there is no reason why this Court could not retain the case on its docket following transfer to the Austin Division. Doing so would render this factor irrelevant.

## CONCLUSION

For the foregoing reasons, and because the Waco division has no ties to this lawsuit, but the Austin Division does, Amazon respectfully requests that the Court transfer this case to Austin.

<div style="display: flex;">

<div>

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620 S, Suite 205
Austin, TX 78734
Tel:  (512) 263-2165
Fax:  (512) 263-2166

October 24, 2019

</div>

<div>

Respectfully, submitted,

*/s/ Saina S. Shamilov*
J. David Hadden, CSB No. 176148
(Admitted W.D. Tex.)
Email:  dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
(Admitted W.D. Tex.)
Email:  sshamilov@fenwick.com
Ravi R. Ranganath, CSB No. 272981
Email:  rranganath@fenwick.com
(Admitted W.D. Tex.)
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

*Counsel for Defendant*
AMAZON.COM, INC.

</div>

</div>

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for the parties have conferred and plaintiffs are opposed to this motion.

<div style="text-align: right;">

/s/ *Saina S. Shamilov*
Saina S. Shamilov

</div>

## **CERTIFICATE OF SERVICE**

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

<div style="text-align:right">

*/s/ Saina S. Shamilov*
Saina S. Shamilov

</div>